# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 08-1570-VAP (OPx)                    Date: August 5, 2010

Title:      JAMES COLE, individually and on behalf of all others similarly situated -
           *v*- CRST VAN EXPEDITED, INC., and DOES 1 through 10, inclusive
===============================================================
PRESENT:        HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

        Marva Dillard                              None Present
        Courtroom Deputy                           Court Reporter

ATTORNEYS PRESENT FOR                    ATTORNEYS PRESENT FOR
PLAINTIFFS:                              DEFENDANTS:

        None                                      None

PROCEEDINGS:        MINUTE ORDER GRANTING PLAINTIFF'S MOTION FOR
                    CLASS CERTIFICATION (IN CHAMBERS)

     Plaintiff Jame Cole's ("Plaintiff") motion to certify class ("Motion") came before
the Court for hearing on May 3, 2010.  After reviewing and considering all papers
filed in support of, and in opposition to, the Motion, as well as the arguments
advanced by counsel at the hearing and the supplemental briefing submitted by
Plaintiff's counsel after the hearing, the Court GRANTS the Motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND
### A. Factual History
        This action arises out of the compensation system of Defendant CRST Van
Expedited, Inc. ("CRST" or "Defendant"), a motor carrier that transports freight to
customers in the United States, Canada, and Mexico.  CRST employs over-the-road
team truck drivers to transport dry freight in vehicles owned by Defendant.  CRST is

MINUTES FORM 11                          Initials of Deputy Clerk ____md_____
CIVIL -- GEN                    Page 1

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

based in Cedar Rapids, Iowa, but operates terminals across the United States, including in Fontana, California.  (Declaration of Michael Gannon ("Gannon Decl."), Ex. G, ¶ 2.)  Plaintiff alleges that Defendant uses a uniform compensation system to pay Plaintiff and a putative class of nearly 4,200 current and former California-based over-the-road team truck drivers.

### 1.    Driver Responsibilities

Most drivers in the proposed class operate in two-driver teams assigned to a single tractor.  (Gannon Decl. ¶ 4.)  Generally, at any given time, one team member performs on-duty driving and non-duty work, while the other driver is off duty and resting in the truck's sleeper berth.  (Id.)

### 2.    Compensation System

There are three key components of the drivers' compensation system:

(1)    Mileage Pay: Drivers are paid on a per-mile basis, such as $0.22 per mile or $0.43 per mile, depending upon experience.  Drivers are not paid for actual miles driven, but rather "dispatched miles," which are calculated according to the "industry-standard Rand McNally [MileMaker] mileage calculation software" (Opp'n at 1, n.1; Declaration of Daniel Jeffers ("Jeffers Decl.") ¶ 8);

(2)    Activity-Based Pay: For certain activities (e.g., loading or unloading the trailer), drivers are paid a predetermined amount (id.);

(3)    Hourly Pay: For certain periods of time and activities (e.g., time in excess of two hours spent waiting to be assigned a load), drivers are paid on an hourly basis (id).

The parties agree that pay is not allocated separately for certain times and tasks associated with delivering a load, such as pre- and post-delivery inspections, the first two hours waiting for loading and unloading, preparing paperwork, and fueling.  Defendant argues, however, that drivers are compensated for non-driving work functions incidental to delivery through the mileage-pay system.  Plaintiff argues that Defendant's written policy specifies that "Normal Duties," described  as "open[ing] the doors, spot[ting] the trailer, sweep[ing] the trailer, count[ing] the freight, wait[ing] time for the load/unload process, secur[ing] the load[,] and clos[ing] the doors", are not compensated.  (Mot. at 2, Ex. 6 [CRST Professional Driver

MINUTES FORM 11                                    Initials of Deputy Clerk ____md_____
CIVIL -- GEN                        Page 2

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

Manual] at 31, 40.)

### 3.      Class Definition

Plaintiff does not articulate the time period for the class in the Motion. According to the SAC, however, the "relevant time period" begins four years before the filing of the original complaint and continues through the present.  (SAC ¶ 2.)  Plaintiff seeks to represent a proposed class defined as: "All of Defendant's California-based drivers who are employed or have been employed by Defendant in the state of California during the relevant time period, who have performed work within California."  (FAC ¶ 28(a).)  Plaintiff proposes class divided into five subclasses:

(1) "Rest Period Class": "All of Defendant's California[-]based drivers who are employed or have been employed by Defendant[] in the State of California during the relevant time period who, while performing work within California, have not been provided a rest period for every four hours or a major fraction thereof worked per day and were not provided compensation" in lieu thereof.[1] (SAC ¶ 29; Mot. at 6.)

(2) "Meal Period Class": "All of Defendant's California[-]based drivers who are employed or have been employed by Defendant[] in the State of California during the relevant time period who, while performing work within California, have not been provided a meal period for every five or ten hours worked per day and were not provided compensation" in lieu thereof.  (Id.)

(3) "Minimum Wage Class": "All of Defendant's California-based drivers who are employed or have been employed by Defendant[] in the State of California

during the relevant time period who, while performing work within California,

---

[1] The Court adds the words "in lieu thereof" to the rest and meal period classes because the definition as written indicates that class members were not provided any compensation.

MINUTES FORM 11                                      Initials of Deputy Clerk _____md_____
CIVIL -- GEN                        Page 3

have not been paid minimum wages."[2]  (Mot. at 6.)

(4) "California Labor Code § 226 Class": "All of Defendant's California[-]based drivers who are employed or have been employed by Defendant[] in the State of California during the relevant time period who[] have not been provided accurate itemized wage statements.  (SAC ¶ 29; Mot. at 7.)

(5) "California Labor Code § 203 Class": "All of Defendant's California[-]based drivers who are employed or have been employed by Defendant in the State of California during the relevant time period who were not paid all wages earned and due upon separation."  (Id.)

## B.    Procedural History

On October 6, 2008, Plaintiff filed a putative class action complaint in California Superior Court for the County of San Bernardino.  On November 5, 2008, Defendant removed the action to this Court.  On January 20, 2010, Plaintiff filed a second amended complaint ("SAC") alleging: (1) failure to provide rest periods and meal periods or compensation in lieu thereof under California Labor Code §§ 226.67, 512; (2) failure to pay wages timely upon separation, in violation of California Labor Code § 203; (3) violations of California's Unfair Competition Law, pursuant to California Business & Professions Code §§ 17200, et seq.; (4) failure to pay minimum wage pursuant to California Labor Code §§ 1194, 1197; (5) failure to provide accurate employee itemized wage statements, in violation of California Labor Code § 226; and (6) violation of California Labor Code §§ 2698, et seq.

On February 15, 2010, Plaintiff filed: (1) the Motion, and (2) the declaration of James R. Hawkins ("Hawkins Decl.") with exhibits 9 through 19.  On February 16, 2010, Plaintiff manually filed exhibits 1 through 8 in support of the Motion, which the clerk rejected for filing deficiencies.  On February 22, 2010, Plaintiff filed a second declaration of James R. Hawkins ("Hawkins Decl. 2") with exhibits 1 through 6.  On

---

[2] There is a typographical error in the SAC: Plaintiff lists the meal period subclass twice and fails to list the minimum wage subclass.  (See SAC ¶ 29(b), (c).) Plaintiff clarifies the correct subclasses in the Motion.  (See Mot. at 6-7.)

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

March 29, 2010, Defendant filed an opposition to the Motion ("Opp'n") and exhibits A through K.  On April 9, 2010, Plaintiff filed a reply ("Reply").  At the May 3, 2010, hearing on the Motion, the Court issued a tentative ruling but permitted Plaintiff's counsel to file supplemental briefing regarding counsel's qualifications and experience.  On May 10, 2010, Plaintiff filed the "Supplemental Declaration of James R. Hawkins re Adequacy of Proposed Class Counsel in Support of Plaintiff's Motion for Class Certification" ("Hawkins Decl. 3").

## II.  LEGAL STANDARD

"Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23."  Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001 (citing Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1233 (9th Cir. 1996)).  The party seeking class certification bears the burden of demonstrating that each of the four requirements of Rule 23(a) and at least one requirement of Rule 23(b) has been met.  Zinser., 253 F.3d at 1186, amended by 273 F.3d 1266 (9th Cir. 2001).

To bring a class action under Rule 23(a), a plaintiff must demonstrate:

(1) the class is so numerous that joinder of all members is impracticable ["numerosity"], (2) there are questions of law or fact common to the class ["commonality"], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ["typicality"]; and (4) the representative parties will fairly and adequately protect the interests of the class ["adequacy of representation"].

In addition to these requirements, a plaintiff must satisfy one of the Rule 23(b) prongs to maintain a class action.  Where, as here, a plaintiff moves for class certification under Rule 23(b)(3), the plaintiff also must prove:

the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties in managing a class action.

While a plaintiff seeking to maintain a class action bears the burden of making a prima facie showing on each of the necessary Rule 23 elements, "an extensive evidentiary showing . . . is not required." Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975). Rather, a court ruling on a class certification motion must make an "informed judgment on each of [Rule 23's] requirements." Id. at 901, n.17. In deciding whether to certify a class, a court may consider both the allegations in the complaint as well as extrinsic material submitted by the plaintiff. See id. at 900-01, 901 n.17.

In so doing, "[t]he court is bound to take the substantive allegations of the complaint as true, thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations." Id. at 901 n.17; Dukes v. Wal-Mart Stores, Inc., 603 F.3d 571, 590 (9th Cir. 2010) ("A court can never be assured that a plaintiff will prevail on a given legal theory prior to a dispositive ruling on the merits, and a full inquiry into the merits of a putative class's legal claims is precisely what both the Supreme Court and [the Ninth Circuit] has cautioned is not appropriate for a Rule 23 certification inquiry.") (citations omitted). "Although 'the court may not put the plaintiff to preliminary proof of his claim, it does require sufficient information to form a reasonable judgment. Lacking that, the court may request the parties to supplement the pleadings with sufficient material to allow an informed judgment on each of the Rule's requirements.'" Dukes, 603 F.3d at 589 (citing Blackie, 524 F.2d at 901 n.17); see Dukes, 603 F.3d at 590 ("A district court must sometimes resolve factual issues related to the merits to properly satisfy itself that Rule 23's requirements are met, but the purpose of the district court's inquiry at this stage remains focused on, for example, common questions of law or fact under Rule 23(a)(2), or predominance under Rule 23(b)(3), not the proof of answers to those questions or the likelihood of success on the merits."). Therefore, a district court should not "unquestioningly accept a plaintiff's arguments as to the necessary Rule 23 determinations," but rather, is required "to probe behind the pleadings if doing so is necessary to make findings on the Rule 23 certification decision." Id. at

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

589.

# III.  DISCUSSION

Plaintiff contends class certification is appropriate because Plaintiff satisfies Rule 23(a) and Rule 23(b)(3).  Defendant does not challenge Plaintiff's ability to fulfill the Rule 23(a) requirements, and instead argues Plaintiff fails to satisfy Rule 23(b)(3).  The Court finds that Plaintiff (1) satisfies Rule 23(a)'s prerequisites, and (2) establishes the "predominance" of class claims over individual claims and that a class action is superior to other available methods to adjudicate the controversy.

## A.     Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable."  See Gen. Tel. Co. of the Nw., Inc. v. E.E.O.C., 446 U.S. 318, 330 (1980) (a court considers whether the size of the class warrants certification because joinder of all members is "impracticable.").  To establish that joinder of all members is "impracticable," the plaintiff need not show that it would be "impossible" to join every class member.  Haley v. Medtronic, Inc., 169 F.R.D. 643, 647 (C.D. Cal. 1996).

Furthermore, "Plaintiffs need not identify with precision the number of class members and may instead rely on reasonable inferences."  Parkinson v. Hyundai Motor Am., 258 F.R.D. 580, 588 (C.D. Cal. 2008); Ballard v. Equifax Check Servs., Inc., 186 F.R.D. 589, 594 (E.D. Cal. 1999) (the court examines the specific facts of each case); Gen. Tel., 446 U.S. at 330 (noting that a class of fifteen or fewer has been rejected); Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993) (courts have not required evidence of specific class size or identity of class members to satisfy the requirements of Rule 23(a)(4)).

Here, Plaintiff's counsel argues "the numerosity of each of the proposed Classes cannot reasonably be disputed."  (Mot. at 11.)  Based upon discovery, Plaintiff alleges CRST employed approximately 4,198 California-based team drivers. (Mot. at 11 (citing SAC ¶ 17, Hawkins Decl., Ex. 1, 4:9-14).)  To support this allegation, Plaintiff notes, "A majority of the California-based drivers performed their orientation and training in California during the liability period" (Mot. at 12), and, "at least one [of the two team drivers] was performing fifty percent of the work while in

MINUTES FORM 11                                    Initials of Deputy Clerk ____md_____
CIVIL -- GEN                     Page 7

California" (id).

"The fact that the size of the proposed class has not been exactly determined is not a fatal defect . . . ." Tchoboian v. Parking Concepts, Inc., No. 09-422, 2009 WL 2169883, at *4 (C.D. Cal. July 16, 2009) (quoting In re Alcoholic Beverages Litigation, 95 F.R.D. 321, 324 (D.C.N.Y. 1982)). According to the evidence Plaintiff submitted with the Motion, class membership easily will exceed the threshold requirements, such that joining the thousands of putative class members in one action would be difficult and inconvenient. Harris v. Palm Springs Alpine Estates, Inc., 329 F.2d 909, 913-14 (9th Cir. 1964). Thus, the Court finds Plaintiff establishes "numerosity" for purposes of Rule 23(a)(1).

## B. Commonality

Rule 23(a)(2) requires the class to share common questions of law or fact. Courts have construed the commonality requirement permissively. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). As the Ninth Circuit explained:

> All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class.

Id. "[T]he commonality requirement is interpreted to require very little." In re Paxil Litigation, 212 F.R.D. 539, 549 (C.D. Cal. 2003). "[F]or the commonality requirement to be met, there must only be one single issue common to the proposed class." Haley, 169 F.R.D. at 648.

Here, Plaintiff argues allegations in the SAC regarding "Defendant's actions and conduct alone can provide sufficient common questions of law and fact to support class certification." (Mot. at 12.) According to Plaintiff, these allegations "raise numerous common questions of fact and law related to CRST's employment practices with respect to its California-based drivers, including:

I.   Does CRST fail to provide rest breaks required by California law?
II.  Does CRST fail to provide meal breaks required by California law?
III. Does CRST fail to provide pay stubs conforming to [Cal.] Lab. Code § 226?

IV.   Does CRST violate either minimum wage or agreed contractual hourly rates[,] given its corporate payment practices?

V.   Should CRST be liable for [Cal.] Lab. Code § 203 waiting time penalties to its former employees whose wages have not been properly paid upon termination?

VI.   Does CRST violate [Cal.] Bus. & Prof. Code §§ 17200, et seq., by acting unlawfully, unfairly or deceptively in not complying with the provisions of the foregoing sections of the Labor Code and/or Wage Order?"

(Mot. at 13.)

Furthermore, the facts alleged in the SAC related to Plaintiff are shared in common with the proposed class.  For example, Plaintiff worked at CRST starting around May 21, 2007 through May 2009, which falls within the time period covered by the proposed class.  (SAC ¶ 8; James Cole Declaration ("Cole Decl.") ¶ 2.) Plaintiff alleges he drove trucking routes for Defendant originating or ending in California, and that he drove within the boundaries of California four to five days a month.  (Cole Decl. ¶¶ 2, 3.)  Plaintiff alleges he was denied rest and meal breaks, was not paid minimum wage for all hours worked, was not provided accurate itemized statements, and was not paid wages due and owing upon leaving Defendant's employ.  (Cole Decl. ¶¶ 1-16.)  These facts are common to the proposed class.  Thus, Plaintiff alleges legal claims supported by facts common to all members of the proposed class.

Accordingly, Plaintiff has met his burden of establishing "commonality" under Rule 23(a)(2).  See Hanlon, 150 F.3d at 1019 ("The existence of shared legal issues with divergent factual predicates is sufficient [to satisfy Rule 23], as is a common core of salient facts coupled with disparate legal remedies within the class.").

## C.   Typicality

In Hanlon, the Ninth Circuit explained that "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  150 F.3d at 1020.  Class representatives "must be able to pursue [their] claims under the same legal or remedial theories as the unrepresented class members."  Paxil, 21 F.R.D. at 549.  To find typicality, however,

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

a "court does not need to find that the claims of the purported class representative are identical to the claims of the other class members."  Haley, 169 F.R.D. at 649.

As noted above, Plaintiff alleges he experienced each of the violations listed in the SAC.  (See Cole Decl. ¶¶ 1-16.)  Thus, Plaintiff's legal claims are typical of the claims of the unrepresented class members.  In Plaintiff's declaration, he states he worked for Defendant CRST during the class period and drove routes originating or ending in California.  (Cole Decl. ¶ 11.)  Furthermore, Plaintiff alleges he was denied rest and meal breaks, was not paid minimum wage for all hours worked, was not provided accurate itemized statements, and was not paid wages due and owing upon separation from Defendant.  (Cole Decl. ¶¶ 1-16.)  These claims raise the same legal and remedial theories as the claims in the SAC.  See Paxil, 21 F.R.D. at 549.  Thus, Plaintiff has established "typicality" under Rule 23(a)(3), because his claims are reasonably co-extensive with those of absent class members.

## D.    Adequacy of Representation

Rule 23(a)(4) requires the Court to determine whether "representative parties will fairly and adequately protect the interests of the class."  The determination of whether representative parties will adequately protect the interests of the class "is a question of fact that depends on the circumstances of each case."  In re Nat'l W. Life Ins. Deferred Annuities Litig., No. 05-1018, 2010 WL 2735732, at *5 (S.D. Cal. July 12, 2010) (citing McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. 1981)).  Traditionally, courts have engaged in a two-part analysis to determine if a plaintiff meets the Rule 23(a)(4) requirements: (1) class counsel is qualified and competent, and (2) the proposed class representative does not have conflicts of interest with the proposed class.  Dukes, 603 F.3d at 614; Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978); Paxil, 212 F.R.D. at 550 (adequate representation "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive.") (citations omitted).

Plaintiff requests the Court appoint James R. Hawkins ("Hawkins") from James

MINUTES FORM 11                                    Initials of Deputy Clerk ____md_____
CIVIL -- GEN                      Page 10

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

Hawkins APLC as class counsel.[3]  (Mot. at 15.)  Courts determine adequacy of counsel under Rule 23(g).  See Fed. R. Civ. P. 23(g) (the court "must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.");  see, e.g., Hill v. Merrill Gardens, L.L.C., No. 04-248, 2005 WL 2465250, at *3 (N.D. Ind. Oct. 6, 2005); Fed. R. Civ. P. 23 Advisory Committee Notes.

Plaintiff describes the work performed thus far by Hawkins and his law firm, and the resources Hawkins will commit to representing the class.  (See Hawkins Decl. ¶¶ 4, 5.)  At the hearing, the Court noted concerns regarding the evidence of counsel's qualifications, because the majority of the actions listed in his declarations were not federal actions and proposed counsel's filings up to that point reflected a lack of familiarity with the Central District's Local Rules and the Federal Rules of Civil Procedure.[4]  The Court allowed Plaintiff's counsel to submit supplemental briefing regarding his qualifications.  In his supplemental brief, Hawkins identifies six federal wage and hour class actions in which he has served as lead or co-lead counsel, four of which were filed in the District Court of California.  (Hawkins Decl. 3 at 3-4.)  Of the six federal actions, Hawkins served as lead counsel in three, as co-lead counsel in two, and is awaiting a preliminary approval hearing that would

_____

[3] In the Motion, Hawkins mentions that two law firms are working together on this case.  The docket lists three different law firms as Plaintiff's counsel.  Only Hawkins, however, submitted a declaration in support of the Motion.  Thus, the Court construes the Motion as seeking to appoint only Hawkins as class counsel.

[4] The declarations submitted by Plaintiff's counsel are signed under penalty of perjury under the laws of California, instead of under the laws of the United States of America.  See L.R. 1-4(b); 28 U.S.C. § 1746.  Plaintiff's counsel also fails to comply with Local Rule 11-3.1.1 regarding font size ("A proportionally spaced face must be 14-point or larger . . . ."), and the mandatory chambers copies did not have tabs, in violation of Local Rule 11-5.3 ("Exhibits shall be tabbed in sequential order.").  Finally, the Court notes that Plaintiff's counsel attempted to file the exhibits manually instead of electronically.  (See Doc. No. 45.)

MINUTES FORM 11                                    Initials of Deputy Clerk ____md_____
CIVIL -- GEN                      Page 11

appoint him as lead counsel in the other.  (<u>Id.</u>)  Four of the federal class actions were certified, three of which settled and received final approval.  (Hawkins Decl. 3 at 3-6.)  A fifth action is awaiting final approval, and a sixth action is awaiting preliminary approval.  (<u>Id.</u>)  In addition to the federal class actions, Hawkins also identifies seventeen state wage and hour class actions, eleven in which he served as lead counsel, and six in which he served as co-lead counsel.  (<u>Id.</u> at 3-9.)  Hawkins accordingly has established his experience in handling class actions, specifically those involving wage and hour claims, as well as his knowledge of the applicable law underlying this action.  Thus, the Court finds Plaintiff's counsel has established that he can adequately represent the class.

As to whether Plaintiff Cole is an adequate class representative, Plaintiff has agreed to "cooperate with counsel and to place the interests of the class on a level equal with his own interests."  (Hawkins Decl. ¶ 8.)  Furthermore, Plaintiff's counsel states that he is "personally aware of the nature of the claims being raised by the proposed class representative[, and counsel does] not know of any claim which [Plaintiff] has which is different from or in conflict with the claims of the proposed class or of the sub-class[es]."  (Hawkins Decl. ¶ 9.)  Plaintiff's declaration fails to state what he has done to prosecute the action, but does contain a statement in which Plaintiff agrees to assume all obligations associated with being a class representative.  (Cole Decl. ¶ 17.)  Further, Plaintiff states that his interests are not antagonistic to the class.  (<u>Id.</u>)  Plaintiff accordingly establishes, for the purposes of preliminary approval, that he does not have any conflicts of interest with the proposed class.

Thus, Plaintiff has established Hawkins's and the named Plaintiff's ability to "fairly and adequately protect the interests of the class," and accordingly establishes "adequacy of representation" under Rule 23(a)(4).  <u>See</u> Fed. R. Civ. P. 23(g)(1)(A)-(B).

## E.   **Predominance of Common Questions of Law or Fact and Superiority**

Rule 23(b)(3), requires Plaintiff to prove "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  The matters pertinent to these findings include:

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the likely difficulties in managing a class action. Fed. R. 23(b)(3).

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Achem Prods. v. Windsor, 512 U.S. 591, 623 (1997); Fed. R. Civ. P. 23(b)(3) (providing that a class may be certified where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members . . . .") (emphasis added). "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." Valentino, 97 F.3d at 1234. Common questions of law and fact predominate over individual questions, satisfying the first component of the Rule 23(b)(3) inquiry, where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." Wal-Mart Stores, Inc. v. Visa U.S.A. Inc. (In re Visa Check/MasterMoney Antitrust Litig.), 280 F.3d 124, 136 (9th Cir. 2001).

"In evaluating predominance, the Court looks to whether the focus of the proposed class action will be on the words and conduct of the defendants rather than the words and conduct of the individual class members." Ortega v. J.B. Hunt Transport, Inc., 258 F.R.D. 361, 367 (C.D. Cal. 2009).

## 1.    Rest and Meal Period Classes

The focus of Plaintiff's rest and meal break claims is Defendant's compensation system as it applies to all potential class members. The question before the Court is whether Defendant's compensation system, including the absence of pay allocated for break periods, is consistent with Defendant's obligation under California law to provide rest and meal breaks to its drivers. This inquiry encompasses the issues of whether Defendant's compensation scheme does, in fact, provide for code-compliant breaks, pay drivers for meal and rest breaks not

taken, and otherwise compensate drivers for all time worked.

California Labor Code provides:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

Cal. Lab. Code § 226.7.  Additionally, Wage Order No. 9, which applies to the transportation industry, provides as follows regarding meal breaks:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E) In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

Cal. Admin. Code, Title 8, § 11090(11)(A)-(E).

"At present, the question of the correct interpretation and application of what it means to 'provide' breaks is a matter of considerable debate in state and federal cases involving the above-referenced code section and related wage orders." Ortega, 258 F.R.D. at 368.  In Brown v. Federal Express Corp. 249 F.R.D. 580, 585 (C.D. Cal. 2008) and  White v. Starbucks Corp., 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007), the courts found that employers need only "provide" meal breaks, not ensure the employee actually takes the meal break.  By contrast, in Cicairos v. Summit Logistics, Inc.,133 Cal. App. 4th 949 (2005), the California Court of Appeal held that an employer's obligation to provide employees with an adequate meal period was not satisfied "by assuming that the meal periods were taken, because employers have 'an affirmative obligation to ensure that workers are actually relieved of all duty.'"  Id. at 243.  Recently, the California Supreme Court granted review of two California intermediate appellate courts' decisions that conflict with Cicairos.  See Brinkley v. Pub. Storage, Inc., 167 Cal. App. 4th 1278 (2008) (holding, "California law does not require an employer to ensure that employees take rest periods.  An employer need only make rest periods available."), rev. granted 87 Cal. Rptr. 3d 674 (2009) (S168806); Brinker Restaurant Corp. v. Superior Court, 165 Cal. App. 4th 25 (2008) (holding that an employer "need only provide [meal breaks] and not ensure they are taken."), rev. granted 85 Cal. Rptr. 3d 688 (2008) (S166350).  As other courts have noted, the Court need not predict the outcome of the California Supreme Court's review, as the Court is not, at this stage, charged with adjudicating the legal and factual merits of Plaintiff's claims.  See Ortega, 258 F.R.D. at 370; Bibo v. Fed. Exp., Inc., No. 07-2505, 2009 WL 1068880, at *10 (N.D. Cal. Apr. 21, 2009).  Further, "[w]hatever the legal meaning of the term 'provide' in this context, the question is one common to all potential class members."  Ortega, 258 F.R.D. at 370.

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

Defendant argues the Court should deny class certification because Plaintiff "cannot offer common proof of uniform policies or systemic practices prohibiting meal and rest breaks and therefore could not prove the claims of absent class members through common evidence."  (Mot. at 16.)  Further, Defendant argues that because drivers can schedule their own time for breaks, this case turns on individual determinations.  The Court disagrees.

All employees in the proposed class worked as team drivers under Defendant's standardized employment policies, which are the basis of Defendant's wage calculations.  Under the 23(b)(3) factors, the proposed class members have an interest in centralized adjudication of their claims, as they identify Defendant's common practices and policies and the law with which the policies are inconsistent.  (See Mot. at 16) (noting that CRST does not schedule or monitor meal or rest breaks, the Driver's Manual does not mention rest breaks, and the onboard computer system in Defendant's trucks does not track or schedule breaks).)  Further, the proposed class consists of drivers, all of whom have claims arising under a single state's law.  Thus, there are relatively few difficulties in managing the action.  As such, Plaintiff alleges common questions of law and fact that predominate regarding, inter alia, whether Defendant complied with state law obligations to provide and record meal and rest breaks.

### 2.    Minimum Wage Class

Plaintiff alleges he was not paid the required minimum wage for each hour worked while performing non-driving tasks such as waiting for loading and unloading, disconnecting trailers, fueling, and filling out paperwork.  (See Hawkins Decl., Ex. 11, ¶¶  4-6.)  In addition, Plaintiff alleges Defendant failed to pay minimum wage to its employees for hours worked during the mandatory orientation (id., Ex. 4, ¶¶ 5, 15) and failed to pay drivers for detention time when they were required to wait for two or more hours to unload their freight (id., Ex. 20).

In the Defendant's "Motion for Partial Summary Judgment" (Doc. No. 57), Defendant argues Plaintiff's fourth claim for failure to pay minimum wage fails as a matter of law because CRST's mileage-based system of compensation provides

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

payment for all work, and Plaintiff has not alleged that he received less than minimum wage for any of the California hours he worked.  (Mot. for Summ. J. at 18.)  The Court found Plaintiff's claim did not fail as a matter of law, because Plaintiff alleges that Defendant used a compensation scheme in which employees are not necessarily compensated for every hour worked and employees are compensated for non-piece-rate hours with wages accrued during piece-rate hours.

The only other challenge Defendant raises to certification of Plaintiff's "minimum wage" class pursuant to Rule 23(b) is that the determination of damages is not be readily amendable to class treatment because Plaintiff's "evidence alone cannot prove the claims of absent class members . . . ."  (Opp'n at 15.)  Defendant argues the Court would need to conduct an individualized inquiry into whether a driver engaged in a particular unpaid activity and how long that activity took because there "is no uniform written employment agreement."  (Opp'n at 17.)  These difficulties, Defendant reasons, demonstrate the wage payment claims would run afoul of Rule 23(b)(3)'s predominance and superiority standards.

"The amount of damages is invariably an individual question and does not defeat class action treatment."  Blackie, 524 F.2d at 905.  Nevertheless, the Court should consider whether and how such individual determinations would need to be made in evaluating "the likely difficulties in managing a class action."  Fed. R. Civ. P. 23(b)(3)(D).  With respect to Plaintiff's wage claims, the Court finds that, if liability is established, the predominant question is whether Defendant's compensation system achieved its articulated goal: compensation for all activities incident to a delivery.  The subsequent calculation of compensation required for allegedly unpaid time thereafter largely will be a mechanical task and will not require a large number of separate "mini-trials."  The collection of necessary information and required calculations do not present an insurmountable obstacle or one that would otherwise make class certification inappropriate under the circumstances.  Accordingly, after careful consideration of the non-exhaustive list of factors outlined in Rule 23(b)(3), as well as the documentation submitted by the parties, the Court finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

Further, accepting as true the allegations in Plaintiff's SAC, each member of

MINUTES FORM 11                                     Initials of Deputy Clerk ____md_____
CIVIL -- GEN                        Page 17

the putative class is entitled to compensation for portions of days or hours for which no pay (i.e., mileage pay, activity based pay, or hourly pay) was allocated under Defendant's compensation system, and that pay likely would never be recovered but for class treatment.  Accordingly, the Court finds that the class method is superior, and that the conditions of Rule 23(b)(3) have been satisfied in connection with Plaintiff's wage claims.

### 3.    California Labor Code § 226 Class

California Labor Code § 226(a) requires employers to provide employees with "an accurate itemized statement in writing" showing, inter alia, "total hours worked" and "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."  "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [§ 226(a)] is entitled to" specified damages.  Cal. Lab. Code § 226(e).

Plaintiff contends that Defendant's pay records violate California law because they "fail to include the number of on-duty non-driving time hours worked."  (Mot. at 19.).  Further, Plaintiff alleges that Defendant failed to keep records of meal periods.  The facts giving rise to the meal break portion of Plaintiff's claim are predicated on the same facts giving rise to the Meal and Rest Period Classes.  Thus, as to that claim, common facts predominate and a class action is a superior manner to adjudicate this controversy.  The Court addresses the other aspect of the alleged violation below.

Defendant argues that individual issues predominate because Plaintiff must establish "actual injury" arising from the receipt of inaccurate wage statements.  (Opp'n at 22.)  Two recent cases address the same issue and set a fairly minimal standard for the requisite injury.  In Wang v. Chinese Daily News, Inc., 435 F. Supp. 2d 1042 (C.D. Cal. 2006), on cross-motions for summary judgment, defendants argued that plaintiffs could not establish the requisite injury.  There, the employer's wage statements consistently reflected 86.66 hours worked, regardless of the number of hours actually worked, and omitted the hourly wage paid.  The court found an employee suffered injury "because (1) the employee might not be paid overtime to which she was entitled[,] and (2) the absence of an hourly rate prevents an employee from challenging the overtime rate paid by [the employer]."  Id. at 1050.

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

The court further explained,

> Additionally, this lawsuit, and the difficulty and expense Plaintiffs have encountered in attempting to reconstruct time and pay records, is further evidence of the injury suffered as a result of [the employer's] wage statements. Plaintiffs' ability to calculate unpaid and miscalculated overtime is complicated by the missing information required by Section 226(a). The purpose of the requirement is that employees need not engage in the discovery and mathematical computations to analyze the very information that California law requires.

Id. at 1050-51.

Similarly, in Elliot v. Spherion Pacific Work, LLC, 572 F. Supp. 2d 1169 (C.D. Cal. 2008), again on cross-motions for summary judgment, the court addressed the same issue. There, the court stated, "the statute clearly requires that an employee is not eligible to recover for violations of section 226(a) unless he or she demonstrates some injury from the employer's violation." Id. at 1181. The court listed the range of injuries in the cases plaintiff had cited to show that very little injury was necessary: "These injuries included the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." Id. Thus, "[w]hile there must be some injury in order to recover damages, a very modest showing will suffice." Jaimez v. DAIOHS USA, Inc., 181 Cal. App. 4th 1286, 1306-07 (2010).

Here, Plaintiff has alleged Defendant failed to pay accurate wages or for all hours worked. As in Wang, the proposed class members might not have been paid for work to which they were entitled, and the absence of certain information on the wage statement "prevents an employee from challenging" the employer's pay. 435 F. Supp. 2d at 1050. That individualized proof of damages ultimately may be necessary does not mean, however, that Plaintiff's theory of recovery is not amenable to class treatment. A common legal issue predominates the claim, and it would be less efficient to resolve the claims in a piecemeal fashion. Thus, common facts predominate and a class action is the superior manner to adjudicate this

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

controversy.

####   4.     California Labor Code § 203 Class

The facts supporting certification of the Rest and Meal Period Classes also support the certification of a class seeking relief under section 203 of the California Labor Code, which requires prompt payment of wages upon separation of employment.

Defendant does not address this claim in its Opposition.  Plaintiff alleges Defendant used a uniform policy of not paying drivers' waiting time under two hours, and that all members of the proposed class were not paid these wages upon termination of employment.  (Mot. at 21.)  Plaintiff also points to Defendant's implementation of the compensation system as evidence that could support a finding of willful failure to pay wages, another element of liability under section 203.  While this evidence is not strong, it suffices at this stage.  Plaintiff appears to make a valid claim under section 203.  Thus, common issues predominate and class certification is the superior method of adjudication as to the California Labor Code § 203 Class.

## IV.  CONCLUSION

The Court GRANTS the Motion for Class Certification.  The Court certifies the following Class: "All of Defendant's California-based drivers who are employed or have been employed by Defendant in the state of California during the relevant time period, who have performed work within California," with the following subclasses:

(1) Rest Period Class: All of Defendant's California-based drivers who are employed or have been employed by Defendant in California during the relevant time period who, while performing work within California, have not been provided a rest period for every four hours or a major fraction thereof worked per day and were not provided compensation" in lieu thereof.

(2) Meal Period Class: All of Defendant's California-based drivers who are employed or have been employed by Defendant in California during the relevant time period who, while performing work within California, have not been provided a meal period for every five or ten hours worked per day and

MINUTES FORM 11                                    Initials of Deputy Clerk ____md_____
CIVIL -- GEN                        Page 20

EDCV 08-1570-VAP (OPx)
JAMES COLE v. CRST VAN EXPEDITED, INC.
MINUTE ORDER of August 5, 2010

were not provided compensation in lieu thereof.

(3) Minimum Wage Class: All of Defendant's California-based drivers who are employed or have been employed by Defendant in California during the relevant time period who, while performing work within California, have not been paid minimum wages.

(4) California Labor Code § 226 Class: All of Defendant's California-based drivers who are employed or have been employed by Defendant in California during the relevant time period who have not been provided accurate itemized wage statements.

(5) California Labor Code § 203 Class: All of Defendant's California-based drivers who are employed or have been employed by Defendant in California during the relevant time period who were not paid all wages earned and due upon separation.

The Court appoints James Cole as class representative, and James R. Hawkins as class counsel.

No later than twenty-one days after the date of this Order, counsel shall file for the Court's approval a proposed notice to class members, including a proposed claim form, administrative procedures, and method for distributing notice.

**IT IS SO ORDERED.**